## THEO KUYKENDALL V. THE STATE.

No. 2792.    Decided November 26, 1913.

**1.—Drunkenness—Information—Complaint—Surplusage.**

Where the complaint and information were sufficient in charging drunkenness in a public place, etc., unnecessary matter therein should be treated as surplusage.

**2.—Same—Evidence—Bills of Exception.**

In the absence of bills of exception to the introduction of testimony, the matter can not be reviewed on appeal.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of drunkenness in a public place, etc., the evidence sustained a conviction, there was no error.

Appeal from the County Court of Montague. Tried below before the Hon. Levi Walker.

Appeal from a conviction of drunkenness in a public place; penalty, a fine of $5.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Presiding Judge.—Under a complaint and information appellant was tried before the court, without a jury, and fined $5.

The statute under which this conviction was had is: "Any person who shall get drunk, or be found in a state of intoxication, in any public place shall be deemed guilty of a misdemeanor and on conviction before a court of competent jurisdiction shall be fined in a sum of not more than $100 for each and every such offense."

The complaint and information charged that he on or about January 12, 1913, in Montague County, "did then and there unlawfully get drunk (by the immoderate use of spirituous, vinous and malt liquors) in a certain public place, to wit: the Methodist Church house at Gladys, in Montague County, Texas, a place where people were then and there assembled for business, pleasure and recreation, and was found in said public place in a state of intoxication."

While this complaint and information contain some unnecessary matter, yet, it clearly charges an offense under said statute on both grounds, which are made offenses thereby, to wit: that he got drunk in a public place and that he was found in a state of intoxication in a public place. The unnecessary matter can and should be treated as surplusage. Goodwin v. State, 70 Texas Crim. Rep., 600, 158 S. W. Rep., 274, in which a large number of cases are collated and cited. The words in brackets above are surplusage; but if not they in no way invalidate the complaint and information.

Appellant has no bill of exceptions in the record. He attempts to raise some question as to the introduction of some testimony by his motion for new trial, which we can not review in the absence of a bill of exception.

By other grounds of a motion for new trial he attacks the judgment of the court because he claims the evidence was insufficient to support the conviction. While the evidence was conflicting to some extent, the

testimony as a whole clearly was sufficient to establish both charges in the complaint and information.

The judgment is affirmed.

*Affirmed.*